IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| *In re*: <br><br> **MONICA PATRICIA MCGINLEY** <br><br> Debtor. | Chapter 13 <br><br> Case No. 12-28809 (TJC) |
| **MONICA PATRICIA MCGINLEY,** <br><br> Plaintiff, <br> v. <br><br> **DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE FOR HARBORVIEW 2006-BU1,** *et al.*, <br><br> Defendants. | Adversary Proc. No. 12-00745 |

## **DEUTSCHE BANK AND CENTRAL MORTGAGE'S MOTION TO DISMISS,**

Defendants Deutsche Bank National Trust Company as Trustee for Harborview 2006-BU1 ("Deutsche Bank") and Central Mortgage Company ("Central Mortgage"), by counsel, hereby move to dismiss the adversary complaint filed by Plaintiff-Debtor Monica Patricia McGinley, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Bankruptcy Rule 7012(b), for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted as a matter of law, for the reasons stated in the contemporaneously filed memorandum, and including:

1.  Defendants' right to proceed with foreclosure has already been decided by the state court, and therefore, the Debtor's challenge is barred by collateral estoppel. Further, a

federal court lacks jurisdiction to review the state court's rulings, or to enjoin a state court proceeding under the Rooker-Feldman Doctrine and Anti-Injunction Act. <u>See</u> U.S.C. §2283.

2.  This Court should abstain from hearing matters in light of the state court proceedings.

3.  As holder of the note secured by a deed of trust, Central Mortgage and Deutsche Bank are entitled to have the property foreclosed. Further, this issue having been decided by the state court, Debtor's challenge is barred by collateral estoppel.

4.  Debtor cannot attack Deutsche Bank and Central Mortgage's rights in the loan absent joining the true "Lender", and absent that true "Lender" asserting claims antagonistic to Defendants. Nor can Debtor assert a quiet title action where she admits the property is validly encumbered by a deed of trust, or where there is a foreclosure action pending.

5.  Debtor lacks standing to assert rights under Fannie Mae and/or Freddie Mac loss mitigation guidelines. (Count II). Further, Debtor has not and cannot allege that the subject loan is a Fannie Mae or Freddie Mac loan. Rather, she claims that the loan is owned by Bank United. Further, while loss mitigation claims may provide an equitable defense to foreclosure, it cannot be used as a sword to provide an affirmative claim for relief.

6.  Debtor's RESPA claim is insufficiently plead, and fails to allege that she made a valid qualified written request, fails to allege that she informed the servicer of the reasons why she belied her account to be in error, fails attach a copy of the purported request, and fails to allege the date of such purported request.

7.  No private cause of action exists against mortgage servicer under the Maryland Mortgage Lender Law for failure to hold a mortgage lender license. Not only does the complaint assert that Central Mortgage was licensed as of July 2011, but the relief she requested only

applies to unlicensed mortgage originators and brokers. Here, the originator was Bank United, FSB, and as a federal savings bank, it was exempt from such license requirements. In fact, Central Mortgage Company has been registered to do business in Maryland prior to the origination of the debtor's loan.

WHEREFORE, Defendants Deutsche Bank National Trust Company as Trustee for Harborview 2006-BU1 and Central Mortgage Company respectfully request that the Adversary Complaint be dismissed with prejudice, that Defendants be awarded attorney's fees in responding to this adversary complaint, and for such other relief as may be just and proper.

Respectfully Submitted,
**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW 2006-BU1 AND CENTRAL MORTGAGE COMPANY**
*By Counsel*

Dated: January 2, 2013

SHAPIRO, BROWN & ALT, LLP
*Counsel for Defendants*

By: */s/ William M. Savage*
William M. Savage, Esq., Bar No. 06335
Shapiro, Brown & Alt, LLP
10021 Balls Ford Road, Suite 200
Manassas, VA 20109
(703) 449-5800
ecf@Logs.com
11-219726

By: */s/ Bizhan Beiramee*
Bizhan Beiramee, Esq., Bar No. 29220
Beiramee & Cohen, P.C.
7508 Wisconsin Avenue
Second Floor
Bethesda, Maryland 20854
Phone: (703) 483-9600
Fax: (703) 483-9599
bbeiramee@beiramee.com

CERTIFICATE OF SERVICE

I certify that I have mailed true copies of the above mentioned response by electronic or first class mail, postage prepaid on the 2nd day of January, 2013.

Monica McGinley
19710 Maycrest Way
Germantown, MD 20876

Jo Ann P. Myles, Esq.
Law Offices of Jo Ann P. Myles
P.O. Box 6021
Suite 301
Largo, Maryland 20774
Phone: (301) 773-9652
Fax: (301) 322-1704
joamyl@aol.com

/s/ William M. Savage
William M. Savage. Esq.

11-219726