IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
-------------------------------x
                                :
JOHN BURSON, et al.,            :
                                :
        Plaintiff,              :
                                :
            v.                  :    Civil No. 359427
                                :
MONICA McGINLEY, et al.,        :
                                :
        Defendant.              :
                                :
-------------------------------x
```

HEARING

Rockville, Maryland                                    October 16, 2012

DEPOSITION SERVICES, INC.
12321 Middlebrook Road, Suite 210
Germantown, MD 20874
(301) 881-3344

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

```
-------------------------------x
                               :
JOHN BURSON, et al.,           :
                               :
        Plaintiff,             :
                               :
             v.                :   Civil No. 359427
                               :
MONICA McGINLEY, et al.,       :
                               :
        Defendant.             :
                               :
-------------------------------x
```

Rockville, Maryland

October 16, 2012

WHEREUPON, the proceedings in the above-entitled matter commenced

    BEFORE:   THE HONORABLE MARY BETH McCORMICK, JUDGE

    APPEARANCES:

    FOR THE PLAINTIFF:

    JESSICA L. HARRINGTON, Esq.
    WILLIAM M. SAVAGE, Esq.
    Shapiro & Burson, LLP
    13135 Lee Jackson Highway, Suite 201
    Fairfax, Virginia  22033

    LILA Z. STITELY
    Shapiro Brown & Alt, LLP
    10021 Balls Ford Road, Suite 200
    Manassas, Virginia  20109

DEPOSITION SERVICES, INC.

APPEARANCES: (Continued)

<u>FOR THE DEFENDANT</u>:

JOANN P. MYLES, Esq.
Law Offices of Joann P. Myles
P.O. Box 6021
Largo, Maryland  20792

```
 1                        P R O C E E D I N G S
 2              THE COURT:  Thank you.  Please be seated.
 3              THE CLERK:  Civil number 359427, John Burson et al.
 4    versus McGinley, et al.
 5              THE COURT:  Everyone can take their place.  Burson
 6    here.  McGinley over here.  All right.  If everyone could
 7    introduce themselves.
 8              MR. SAVAGE:  Good Morning, Your Honor.  William
 9    Savage, substitute trustee on behalf of the substitute
10    trustees.
11              MS. MYLES:  Good Morning, Your Honor.  Joann Myles,
12    counsel for the defendant, Monica McGinley.
13              THE COURT:  All right.  This is here for -- first
14    came in as a emergency motion to stay and dismiss foreclosure
15    sale proceedings.  That came in late Friday afternoon, followed
16    by an amended emergency motion to stay and dismiss foreclosure
17    and a response by the substitute trustees which came in
18    yesterday afternoon.
19              I have read all the pleadings, the court file, and it
20    to include the motions that were previously filed and heard in
21    May and July of last year.  So, Ms. Myles, I'll hear from you.
22              MS. MYLES:  Well, first of all, Your Honor, because I
23    know there's been quite a bit of writing --
24              THE COURT:  Yes.
25              MS. MYLES:  Numerous parts.
```

rd

1    THE COURT: I've probably spent eight hours on this
2  case in the last three days.
3    MS. MYLES: Okay, and I don't want to regurgitate
4  everything that I've already written, so I do defer to the --
5    THE COURT: Pleadings.
6    MS. MYLES: -- the pleadings in this particular case,
7  but I think what stands out most as to why this matter should
8  be, the sale should be stayed, and the foreclosure proceedings
9  dismissed is because pending before this Court is a viable
10 counterclaim and a viable third party complaint.
11   And, based on the law, Maryland's law, when there are
12 issues that have not been resolved in a foreclosure proceeding
13 such as this, again, there's this pending counterclaim by Ms.
14 McGinley.
15   THE COURT: Well, why should that stop the
16 foreclosure?
17   MS. MYLES: Because it would preclude Ms. McGinley
18 from pursuing her claims and rights under the law. In a
19 foreclosure proceedings in most counties, maybe the
20 administrative rules here may be a little different, but most
21 of the time when a foreclosure proceeding is filed, and the
22 defendant, the borrower, files a counterclaim, the case
23 proceeds on as a regular civil action. No one is allowed to go
24 *forward with a --*
25   THE COURT: I'm not certain that happens here, but

```
 1  list the noncompliance.
 2          THE COURT:  Okay.
 3          MS. MYLES:  You got CMC.  And I'll just raise this
 4  issue.
 5          THE COURT:  Go ahead.
 6          MS. MYLES:  CMC was illegally collecting monies from
 7  Ms. McGinley during the period -- for five years.  They were
 8  not licensed.  They collected illegally.
 9          They are not allowed to go forward on a foreclosure
10  sale when they illegally collected money, not only from Ms.
11  McGinley, but other Maryland borrowers in the State of
12  Maryland.  The law doesn't say we're going to help you with
13  your continued misconduct, illegal conduct and improper
14  behavior.
15          The law also doesn't say, and I point to Judge
16  Debelius's, what is an administrative order.  He issued an
17  order in August of this year, 2012, where he said the two
18  cases, the foreclosure case and any counterclaim and third
19  party complaint would be joined together.
20          THE COURT:  He separated them.  He put them in two
21  separate files.
22          MS. MYLES:  But he said that whenever one case was to
23  go forward the other one was to go with it.  Now, I didn't read
24  the order to mean that Judge Debelius was trying to dismiss or
25  preclude a person from having a counterclaim or cross claim.
```

1  Excuse me.  A counterclaim or a third party complaint, because
2  if the order as Your Honor says separates it or separates the
3  cases --
4           THE COURT:  There's two separate files.
5           MS. MYLES:  But he said they're related cases and
6  should be always together.  I interpreted that to mean he
7  didn't want the Court to not know there's another related claim
8  out there.  What would be the purpose of having two separate
9  actions?  That doesn't make sense to me.
10          And also, if the Court is saying that the foreclosure
11 action can go left, the counterclaim and the third party
12 complaint can go, you know, left or the opposite direction.
13 That doesn't make sense.
14          Somebody is going to lose their rights.  Somebody is
15 not going to have their day in court.  And I don't believe the
16 law or Judge Debelius's administrative order meant for Ms.
17 McGinley or any other borrower not to have their counterclaim
18 or third party complaint heard, because if that's what that
19 order means, then that order literally takes away the rights,
20 the constitutional rights, and dual process rights, of every
21 borrower in the state of Maryland.
22          THE COURT:  Okay.  Well this order says, that any
23 such counterclaim shall be, and hereby is severed for the
24 purpose of litigation.  And the clerk is to assign separate
25 case numbers.  File shall be marked as related.  Then the

1 counterclaim get's assigned to Track 0 for special assignment
2 and that's what it says, separate.
3                MS. MYLES:  Okay, but --
4                THE COURT:  Severed.
5                MS. MYLES:  But it doesn't say the foreclosure action
6 for sale keeps going forward while the counterclaim, what?
7 Goes forward?  How would anybody even retrieve their rights?
8 If you're going to let the sale go forward, then the
9 counterclaim to me is moot.  You automatically just denied that
10 person their right.
11               THE COURT:  Well you could get money damages.
12               MS. MYLES:  No, not if you want your house.
13               THE COURT:  Well let's get down to brass tacks.  Is
14 your client willing to put up money to --
15               MS. MYLES:  Your Honor, I'll tell you what.  My
16 client is willing, if the Court is willing to entertain this.
17 She is willing to pay in the registry of the Court monthly
18 payments toward her mortgage.  She's willing to do that.
19               THE COURT:  She hasn't paid her mortgage for two
20 years or close to it, 2011.  Well, one year and nine months.
21 Is she willing to put up towards the back payments?
22               MS. MYLES:  She is willing to put up something, Your
23 Honor, but what I'm saying to you this, is that one of her
24 claims is that they did not do the proper accounting on her
25 case.  Clearly if she keeps making, what, a mortgage payment in