

THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at GREENBELT

| | |
|---|---|
| In Re: | |
| Monica Patricia McGinley | Case No.    12-28809-TJC |
| Debtors | Chapter    7 |
| Monica Patricia McGinley, | |
| Movant | |
| vs. | Adversary No.    12-00745 |
| Central Mortgage Company, *et al*. | |
| Respondents | |

### ORDER TO SHOW CAUSE

On October 17, 2012, Monica McGinley (the "Debtor") filed a petition under chapter 13 of the U.S. Bankruptcy Code. On October 31, 2012, Debtor filed the instant adversary proceeding. Debtor requested to convert this case to a case under chapter 7 on July 12, 2013, and the request was granted on July 15, 2013. Merrill Cohen was appointed as Chapter 7 trustee (the "Trustee") and continues to serve in that role.

In a chapter 7 case, an estate is created which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a). Property of the estate" under §541(a) has "uniformly been interpreted to include causes of action." *Logan v. JKV Real Estate Servs.* (In re Bogdan), 414 F.3d 507, 512 (4th Cir. 2005) (quoting, *Polis v. Getaways, Inc.* (In re Polis), 217 F.3d 899, 901 (7th Cir. 2000). The property is under the exclusive control and administration of the chapter 7 trustee, who becomes the representative of the estate. 11 U.S.C. §704(a). The "trustee in bankruptcy succeeds to all causes of action held by the debtor and debtor lacks standing to pursue those causes of actions." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 535 (4th Cir. 1997) (quoting, *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

Here, Debtor's adversary complaint was brought in her own name. The adversary complaint does not name the Trustee, he has not joined the motions and Debtor has not brought the proceeding on his behalf. Accordingly, it is by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the Trustee shall have until September 27, 2013 to join the complaint, and it is further

ORDERED, that in the absence of such joinder by the Trustee, the Debtor shall show cause by the same date, why this adversary proceeding should not be dismissed for lack of standing and subject matter jurisdiction.

cc:   Plaintiff
      Defendants
      Defendants' counsel
      Trustee
      United States Trustee

**END OF ORDER**