

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at GREENBELT

| In Re: | |
|---|---|
| Monica Patricia McGinley | Case No.     12-28809-TJC |
| Debtor | Chapter     7 |
| Monica McGinley | |
| Plaintiff | |
| vs. | Adversary No.     12-00745 |
| Central Mortgage Company, *et al.* | |
| Defendants | |

### ORDER DISMISSING ADVERSARY PROCEEDING FOR LACK OF SUBJECT MATTER JURISDICTION

The plaintiff Monica McGinley filed a petition under chapter 13 of the bankruptcy code on October 17, 2012. The plaintiff initiated this adversary proceeding on October 31, 2012. On July 15, 2013, the court entered an order in the bankruptcy case converting it to a case under chapter 7 at the debtor's request and Merrill Cohen was appointed as chapter 7 trustee. Docket No. 126.

In light of the conversion, on August 23, 2013, the court entered an order to show cause why the adversary case should not be dismissed for lack of standing and subject matter jurisdiction. Docket No. 68. The plaintiff filed a memorandum in response to the show cause order. Docket No. 74. Plaintiff states that the chapter 7 trustee entered a nondistribution report on September 16, 2013, and therefore all property that is not administered, including her claims in this adversary proceeding, will be abandoned to her. Thus, plaintiff contends she has standing to assert the claims. Plaintiff, however, fails to address whether the court has subject matter jurisdiction over the adversary proceeding upon abandonment, and it is the lack of subject matter jurisdiction that requires dismissal.

This court has subject matter jurisdiction in civil proceedings that arise in, arise under, or are related to title 11. 28 U.S.C. §157(a); 28 U.S.C. §1334(b). A claim arises under title 11 when title 11 creates the cause of action. *In re Menk*, 241 B.R. 896, 904 (B.A.P. 9th Cir. 1999); *see also In re Eastport Assocs.*, 935 F.2d 1071, 1076 (9th Cir. 1991). A claim "arises in" title 11 if it is one "that is not based on any right expressly created by Title 11, but nevertheless could have no existence outside of bankruptcy." *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003). Here, the amended complaint does not assert any claims that arise in or arise under title 11.

"The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 836 (4th Cir. 2007) (quoting *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997). By issuing the report of no distribution, the trustee has evidenced his intention that all property of the estate will be abandoned to the debtor. *See* 11 U.S.C.

554(c). While plaintiff has standing to assert her claims, any benefit she realizes from those claims will inure to her, not the estate. Consequently, the outcome of this adversary proceeding could have no conceivable effect on the estate. Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

ORDERED, that the adversary proceeding 12-00745 is dismissed for lack of subject matter jurisdiction.

cc:    Plaintiff
       Plaintiff's counsel
       Defendants
       Defendants' counsel
       Trustee
       United States Trustee

**END OF ORDER**